**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

ARTHUR JIMENEZ,

    Plaintiff,

        v.

DESARROLLADORA DEL NORTE S EN C, S.E.,
ET AL.,

    Defendants.

CIVIL NO. 08-1928 (PG)

**OPINION AND ORDER**

Before the Court now is defendants' motion for summary judgment seeking the dismissal of plaintiff's claims against them and the entry of summary judgment in their favor. After a careful review of the parties' motions and the applicable law, this Court finds that the defendants' motions for summary judgment (Docket No. 23) should be **DENIED**.

**I. BACKGROUND**

Plaintiff Arthur Jimenez (hereinafter "Plaintiff" or "Jimenez") brought this diversity claim against Desarrolladora del Norte S en C, S.E. d/b/a Hotel Paradisus Sol Melia (hereinafter "the Hotel" or "Defendant") and ACE Insurance pursuant to Article 1802 of the Puerto Rico Civil Code ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141, to recover money damages for physical injuries he sustained on November 19, 2005 at the Hotel. Plaintiff alleges that he slipped and fell as a result of a liquid substance on the lobby marble floor. See *Amended Complaint*, Docket No. 4 at ¶ 9. The Plaintiff also claims that the Hotel incurred in fault and/or negligence by breaching their duty to maintain the surface of the lobby floor in a reasonably safe and secure condition and allowing the existence of a dangerous condition therein. See id. at ¶ 18-20.

Now before the Court is co-defendants' motion for summary judgment (Docket No. 23). In their motion, co-defendants deny responsibility for the accident. The Plaintiff timely opposed this motion (Docket No. 24), co-defendants replied (Docket No. 27), and the Plaintiff sur-replied (Docket No. 29).

**II. STANDARD OF REVIEW**

A motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the

Civil No. 08-1928 (PG)                                                    Page 2

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.2004).

To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, see DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997), through definite and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990) (citations omitted). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir.2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). However, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000). This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Id.

Civil No. 08-1928 (PG)                                                    Page 3

### III. FINDINGS OF FACT

Before setting forth the facts found by this Court to be undisputed and relevant to the matter at hand, we must first address several compliance issues presented to the Court when reviewing Plaintiff's statements of facts.

"Documents supporting or opposing summary judgment must be properly authenticated." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir.2000) (citing FED.R.CIV.P. Rule 56(e)). To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e). See 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2722 (3d ed.1998). "Under Federal Rule of Civil Procedure 56(e), on summary judgment, the parties in their supporting affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Hoffman v. Applicators Sales And Service, Inc., 439 F.3d 9, 14 (1st Cir.2006). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Id. "The failure to authenticate a document properly precludes its consideration on a motion for summary judgment." Robinson v. Bodoff, 355 F. Supp. 2d 578, 582 (D.Mass.2005) (striking all exhibits that were submitted without affidavits).

Additionally, as pointed out by the co-defendants in their reply (Docket No. 27), Plaintiff failed to properly support his opposing statement of material facts with specific record citations, as required by Local Rules 56(c), 56(e). "The purpose of this rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Investment, LLC v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir.2008). "As a result, when parties ignore this anti-ferret rule, they do so at their peril." Grant v. El Conquistador Partnership L.P., No. 06-1849, 2009 WL 1140261, at *3 (D.P.R. April 27, 2009).

Pursuant to the foregoing, the Court notes that some of the materials submitted by the Plaintiff in support of his opposition, such as his expert report, is inadmissible for the purposes of summary judgment because it lacks an authenticating affidavit. Moreover, the Court notes that many of the separate additional facts submitted by the Plaintiff were not followed by the specific record citation required by Local Rule 56(e). Consequently, unless admitted by the opposing party, the Court did not consider the factual statements that were not properly supported by the record on file.

Civil No. 08-1928 (PG)                                                    Page 4

In accordance with the foregoing discussion, the Court found the following relevant facts were undisputed:

1. Plaintiff had an accident on November 19, 2005, in which he fell while on the premises of Hotel Paradisus.
2. While on the pool area of the Hotel Paradisus on the date of the alleged fall, plaintiff consumed approximately 5 or 6 alcoholic beverages.
3. Right after Plaintiff came out of the pool, he left to take the bus, walking barefoot.
4. Plaintiff proceeded from the pool decking area through an outside corridor and proceeded to the front of the reception area, when the accident happened.
5. There was no liquid or foreign substance on the floor where Plaintiff slipped.
6. At the time of the fall, Plaintiff's right foot slipped forward, he did a split, then he fell towards his left but caught himself with his left arm.
7. He briefly got back up and did not notice he was hurt. However, all of a sudden he fell back down as his right leg buckled.
8. At the time of Plaintiff's accident, the Hotel did not use any independent contractor to clean the lobby's marble floor. The cleaning of the lobby's marble floor was performed by the Hotel's Housekeeping Department on an ongoing basis.

## IV. DISCUSSION

### A. Puerto Rico Law on Premises Liability

Article 1802 of Puerto Rico's Civil Code imposes liability upon a person for an "act or omission" that "causes damages to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. Thus, in order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir.2007)(citing Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R.2002)).

Article 1057 of the Civil Code defines the terms "fault or negligence" as "the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and

place." P.R. Laws Ann. tit. 31, § 3021. "In the case of an omission, the defendant must have been under a duty to act - here, a duty to provide security commensurate with the circumstances attendant to their operations." Rodriguez-Quinones v. Jimenez & Ruiz, S.E., 402 F.3d 251, 254-255 (1st Cir.2005) (citing Coyne v. Taber Partners I, 53 F.3d 454, 458 (1st Cir.1995).

"As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir.2007) (internal citations omitted). See also Marshall v. Perez-Arzuaga, 828 F.2d 845, 847 (1st Cir.1987) ("In Puerto Rico, just as in the common law jurisdictions, foreseeability is the touchstone of extracontractual liability."). "The duty of care imposed upon a tortfeasor is anticipating reasonably probable injuries to probable victims." Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313, 322 (1st Cir.1999) (internal citations omitted).

"[Proximate cause is also defined in terms of foreseeability." Malavé-Félix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir.1991). "Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), [he/she] must then demonstrate that the defendant's negligence was the proximate cause of her injuries." Vazquez-Filippetti, 504 F.3d at 49 n. 6. "A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions." Id. (internal citations omitted).

"In particular, claims based on allegedly dangerous conditions on commercial property ("premises liability claims") require a showing that the defendant knew of or should have foreseen the risks created by the condition." Id. at 50.

> When it comes to business establishments, the general rule is that although a business owner is not the absolute insurer of the safety of its patrons, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage. … However, liability is only imposed in situations that involve risky conditions inside the business premises that the owner knew or should have known existed. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage.

Civil No. 08-1928 (PG)                                                    Page 6

Torres v. KMart Corp., 233 F.Supp.2d 273, 278 (D.P.R. 2002) (citing Cotto v. Consolidated Mut. Ins. Co., 116 P.R. Dec. 644, 650 (1985); Colón-González v. Tienda KMart, 2001 TSPR 95; Mas v. United States, 984 F.2d 527, 530 (1st Cir.1993); Clemente v. Carnicon-Puerto Rico Mgmt. Assoc., L.C., 52 F.3d 383, 389 (1st Cir.1995)). See also Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 951 F.Supp. 1028, 1038 (D.P.R. 1996) (in slip and fall cases under Puerto Rico law, liability attaches to the owner of a business when the dangerous condition was known or should have been known to the owner).

**B. Analysis**

In their motion for summary judgment, co-defendants argue that Plaintiff's claim should be dismissed inasmuch as he admitted in his deposition that he did not slip and fall as a result of the presence of a liquid substance on the floor, which is contrary to what he alleges in the complaint. See Docket No. 23. Jimenez opposed the defendants' request arguing that he slipped and fell because of the slippery nature of the Hotel lobby's marble floor. See Docket No. 24. Although the Plaintiff attached an expert report to that effect, the report was stricken from the record for lack of authentication, and thus, the Court is unable to consider this evidence. Nevertheless, the parties have attached a portion of Plaintiff's deposition where he responds that he thinks the Hotel floor was slippery. See Docket No. 23, Exhibit A at page 82. The defendants, in their reply, object to Plaintiff's attempt to amend his complaint by means of the opposition and argue that his new theory that the floor was inherently slippery contradicts his allegations in the complaint that he slipped on a liquid substance on the floor. See Docket No. 27.

After careful analysis, the Court finds as follows. Firstly, defendants are correct in their contention that the Plaintiff's allegation in paragraph 9 of the amended complaint (Docket No. 4) - wherein he claims that he slipped as a result of the presence of a liquid substance on the lobby marble floor - lacks foundation in the record and it should thus be dismissed. However, the complaint contains other more general allegations that co-defendants have failed to rebut in their motion for summary judgment, namely:

1. That the Hotel had the duty to maintain the area where the Plaintiff's accident occurred in a reasonably safe and secure condition to avoid the happening of an accident of this nature;
2. That the Hotel incurred in fault and/or negligence in creating and/or allowing the existence of a dangerous condition on the lobby

Civil No. 08-1928 (PG)                                                    Page 7

>            floor of the hotel and they are, therefore, liable for all of the
>            injuries and damages suffered by the plaintiff Arthur Jimenez;
> 3.         That the Hotel incurred in fault and/or negligence in that they
>            breached their duty to maintain the surface of the lobby floor in
>            a reasonably safe and secure condition and they are, therefore,
>            liable for the damages suffered by the plaintiff Arthur Jimenez;
> 4.         That the Hotel incurred in fault and/or negligence in failing to
>            correct the dangerous condition that caused the plaintiff Arthur
>            Jimenez's accident even though they knew or should have known of its
>            existence and they had prior knowledge of similar accidents.

See Amended Complaint, Docket No. 4, ¶ 18-21. These general allegations are not necessarily inconsistent with the Plaintiff's contention that the floor was slippery. As a result, the Court is unable to dismiss the complaint in its entirety.

Additionally, in his sur-reply, Plaintiff requests to amend the complaint to include allegations derived from the discovery performed in the above-captioned case. See Docket No. 29. "In federal court, when a plaintiff raises a claim for the first time in response to a summary judgment motion, it is possible to treat the claim as a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." Kunelius v. Town of Stow, 588 F.3d 1, 19 (1st Cir.2009). The Court, thus, grants the Plaintiff's request to amend the complaint.

Finally, this Court has previously held that "[a] guest staying at a hotel expects the latter to take all necessary security measures to avoid foreseeable risks." Kaden v. Wyndham El Conquistador Resort & Country Club, No. 02-1547(PG), 2005 WL 1949694, at *7 (D.P.R. August 15, 2005). "Not only ordinary fact questions, but also "evaluative applications of legal standards (such as the concept of legal 'foreseeability') to the facts" are properly jury questions. In any case where there might be reasonable difference of opinion as to evaluative determinations … the question is one for the jury." Marshall v. Perez Arzuaga, 828 F.2d 845, 849 (1st Cir.1987) (citing Springer v. Seamen, 821 F.2d 871, 876 (1st Cir.1987)). At this stage, the Court is unable to decide whether summary judgment is warranted, and thus, "the plaintiff is entitled to present [his] case to a jury." See Cortes-Irizarry v. Corporacion Insular De Seguros, 111 F.3d 184, 189 (1st Cir.1997)(internal quotations omitted).

Civil No. 08-1928 (PG)                                                    Page 8

## V. CONCLUSION

For the foregoing reasons, this Court hereby **DENIES** co-defendants' motion for summary judgment (Docket No. 23). In addition, the Court grants the Plaintiff's request to amend the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 6, 2010.

                                            S/ JUAN M. PÉREZ-GIMÉNEZ
                                            JUAN M. PÉREZ-GIMÉNEZ
                                            UNITED STATES DISTRICT JUDGE